In the Matter of ROBERT E. DINEEN, as Superintendent of Insurance of the State of New York, Respondent. CASINO REALTY CORPORATION, Appellant.— Appeal by an owner of mortgaged premises from an order directing an examination to discover surplus earnings pursuant to section 1077-c of the Civil Practice Act. The order directed the examination to be for the period of one year, beginning November 1, 1942. The owner objects on the ground that, since January 1, 1943, the property has been in new management and to comply with the order it would be necessary for it to secure the books and records from the former agents and managers of the property. This objection does not present an insurmountable difficulty. Order affirmed, with ten dollars costs and disbursements, unless within ten days from the entry of the order hereon appellant stipulates that it will produce its books and records from November 1, 1942, to December 31, 1943, in which event the order is modified on the law and the facts so as to provide for the examination covering such period; and as modified, is affirmed, without costs. If this procedure be followed, future examinations can be conducted on a calendar year basis. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur. [See 268 App. Div. 779.]

In the Matter of the Accounting of DAVID KASELMAN, as Committee of the Estate of FRANCES GINSBERG, an Incompetent Person, Appellant. JOSEPHINE M. CAIN, as Special Guardian, et al., Respondents.— Resettled order judicially settling appellant's final account as committee, removing him as such committee and surcharging him in the sum of $2,740.99, modified on the law and the facts by reducing the surcharge to the sum of $1,947.83, and as so modified, unanimously affirmed, with costs to the special guardian, payable out of the estate. The evidence adduced by the committee justifies a finding that in the years 1933 to 1941, inclusive, the committee expended $75 a year when he and the incompetent's niece visited the incompetent at the State hospitals, as well as $65 in the year 1930, and $23.16 in the year 1932. The committee also is entitled to a credit of $30 for bond premiums paid in 1941 out of his own funds. Appeal from original order dismissed, without costs. Present— Close, P. J., Hagarty, Johnston and Aldrich, JJ.; Carswell, J., not voting. [See 268 App. Div. 780.]

FRED A. JONES, Respondent, v. JAMES F. WATERS, INC., Appellant. (Action No. 1.) — Order denying motion by defendant to require plaintiff to serve a reply to certain alleged separate defenses contained in the answer affirmed, with ten dollars costs and disbursements. No opinion. Close, P. J., Hagarty, Adel, Lewis and Aldrich, JJ., concur.

ANNA S. LANE, Respondent, v. GREAT ATLANTIC AND PACIFIC TEA COMPANY, Appellant.— In an action to recover damages for personal injuries sustained as the result of the alleged negligence of defendant in causing an awning over a sidewalk to fall upon plaintiff, judgment for plaintiff and order denying defendant's motion to set aside the verdict and for a new trial unanimously affirmed, with costs. No opinion. Present — Hagarty, Acting P. J., Johnston, Adel and Lewis, JJ.; Carswell, J., not voting.